W. O. SHERWOOD v. ROBERT B. GRAHAM and Another.[1]

December 24, 1908.

Nos. 15,811—(90).

Action in the district court for Hennepin county to recover $1,500 for breach of contract. Defendant Paul H. Gotzian demurred to the complaint and from an order, Brooks, J., overruling the demurrer, he appealed. Affirmed.

*Harris Richardson* and *Harold O. Kerr*, for appellant.

*H. J. Grannis*, for respondent.

PER CURIAM.

Respondent and appellant entered into a written contract, in part as follows:

"Witnesseth: That the party of the first part hereby sells and agrees to transfer to the parties of the second part thirty (30) shares of the preferred capital stock of the Western Debenture & Realty Company, represented by the following certificates, namely." * * * "In consideration of which the parties of the second part agree to pay to the party of the first part the sum of twenty-five hundred ($2,500.00) dollars on or before December 1, 1907." The contract contained a further provision that respondent should have the right to retain the certificates until payment was made in full and that he should receive and credit upon the purchase price any dividends which might be paid upon the stock in the meantime. It was also provided that, in case of any default on the part of appellant, respondent would have the right to sell the shares of stock at public auction or private sale, at the best price he could obtain, and credit the proceeds upon the amount due, and sue for the remainder, or he might, at his option, terminate the agreement and retain the stock. Default having been made in the payment of the purchase price, respondent gave notice of a public sale of the certificates, in pursuance of which they were sold for the sum of $1,000, and this action was brought to recover the balance of the purchase price, viz., $1,500, with interest. The complaint was demurred to upon the ground that it did not state facts sufficient to constitute a cause of action.

Appellant assigns ten reasons why the complaint is deficient. We have examined them all, and find each and every one untenable and hardly deserving of serious consideration, and we will only mention two or three. The agreement was a valid one, and clearly expressed the consideration for the sale of the stock, viz., $2,500, to be paid at a certain time. The title passed to the purchaser, but there was a separate agreement that the seller should retain the certificates of stock as security for the purchase price. That arrangement did not prevent the title from passing to the purchaser. The claim that the complaint is defective, in that it does not state that the Western Debenture &

[1] Reported in 118 N. W. 1011.

Realty Company was a corporation, could not have been seriously urged. The subject-matter of the sale was the stock certificates, and both parties assumed that the certificates were valid and what they purported to be, and neither party would be permitted to challenge the fact, unless he had been deceived, and no such ground appears from the complaint. It is also claimed that the complaint does not allege that the shares were sold for the best price plaintiff could obtain, and that there was a discrepancy in the description of the certificates, as it appeared in the complaint, the agreement, and the notice. These criticisms are without merit.

Affirmed.